Police Jury *vs.* Davis.

The appellant rests his case upon the sole ground that the language used "does not negative the fact that prescription had accrued."

The statute says the prosecution shall be barred unless the "indictment" be found or exhibited within one year next after the offence shall have been made known to a public officer having the power to direct the investigation or prosecution."

Now the question is whether the State, by proving that "the offence has never *before* been brought to the attention of *any public officer*," would take it out of prescription.

We think that if the offence *has never before the finding of the indictment in this case, been brought to the attention* of *any* public officer, it is true to say that it was found "within one year next after the offence was made known to a public officer having the power to direct the investigation."

The greater includes the less. If *no public officer* knew of the offence, then *no public officer having power to investigate,* knew it.

*Judgment affirmed.*

---

## No. 6878.

### CHARLES SPAHR, EXR., VS. AMELIA KAHNBACK.

Where documents are omitted from the transcript by direction of the appellant's counsel and a motion to dismiss is made for incompleteness of the record, it will be sustained.

APPEAL from the District Court for Jefferson. PARDEE, J.

*R. L. Belden* for Plaintiff Appellant. *Besancon* for Defendant.

DE BLANC, J., delivered the opinion.

---

## No. 6991.

### POLICE JURY OF CONCORDIA PARISH VS. G. M. DAVIS ET ALS.

An exception that the lawyer, who instituted and is prosecuting the suit for the Police Jury, is not the parish attorney, will be overruled when it appears that he has been employed by that body to render this service.

APPEAL from the District Court for Concordia. HOUGH, J.

State *vs.* Wells.

*Sawyer* for Plaintiff Appellant.　*Mayo* for Defendants.

MANNING, C. J., delivered the opinion reversing the judgment.

<hr>

## No. 6960.

SUCCESSION OF J. W. PIPES.　ON OPPOSITION OF A CREDITOR.

A motion to dismiss on the ground that the order of appeal recites that it is granted to Susan Pipes while the bond recites that the appeal is taken by her as administratrix, will be denied.　The order will be construed with the recital in the bond.

APPEAL from the Parish Court of Iberville.　CROWELL, J.

*Barrow & Pope* for Plaintiff in Rule.　*Favrot & Lamon* for Administratrix Appellant.

MANNING, C. J., delivered the opinion.

<hr>

## No. 6969.

THE STATE vs. WILLIAM WELLS.

The averment in an indictment for perjury that the defendant well knew that the said W. did not say, etc., is a sufficient contradiction of the matter wherein the perjury is charged.

APPEAL from the District Court for Madison　HOUGH, J.

The Attorney-General for the State.　*Wells* for Defendant.

MANNING, C. J.　The defendant was convicted of perjury, and sentenced to confinement at hard labor for five years.

A motion in arrest of judgment was made for insufficiency of the indictment in this, that " there is no averment which denies, contradicts and falsifies the matter wherein the perjury is assigned."